HARTER (POMROY v.). See Case No. 11,263.

———

## Case No. 6,158a.

### HARTFIELD v. PATTON et al.

[Hempst. 268.] [1]

Superior Court, Territory of Arkansas. July, 1835.

CONTRACT OF DELIVERY—AVERMENTS IN DECLARATION—AWARD OF REPLEADER.

1. By an agreement H. was to deliver salt at any place on the banks of Red river, below the mouth of Little river and above Long prairie, which might be designated by B. and P. *Held*, that the omission of the latter to do so did not prevent H. from delivering the salt at any convenient place he might select, between the two points, in discharge of his agreement.

2. In an action of covenant brought by B. and P. for the failure of H. to deliver the salt, the declaration need not aver that a place was designated, nor that notice of a place for the delivery of the salt was given, as the place was designated by the agreement itself; and an issue formed as to such notice is immaterial.

3. A repleader is never awarded in favor of him who commits the first fault in pleading, nor where there is one material issue in the cause.

In error to Sevier circuit court.

At law.

Before JOHNSON and YELL, JJ.

JOHNSON, J. This is an action of covenant, brought by Clark and Patton against Hartfield, on the following covenant:—"Arkansas Territory, Sevier County. Articles of agreement made and entered into between John Clark and Benjamin Patton, of the first part, and Asa Hartfield, of the second part, witnesseth: that the party of the first part hath this day bargained, sold, and delivered to the party of the second part all their right, claim, interest, and possession of the salt on Little river, known as the Little River Saline, together with the salt kettles, also the farm attached to said premises; and it is understood that if the party of the second part should be dispossessed of the aforesaid premises by any law of congress passed at the last session thereof previous to the time any one of the payments which are to be made in manner hereinafter described, then and in that case the party of the first part doth declare all such payments to be null and void. In consideration of which, the said party of the second part is to pay the party of the first part the sum of $4,500, as follows: $1,350, which is paid in advance; $1,500 in salt, as follows, namely, $1,200 to be paid at any place or places on the bank

[1] [Reported by Samuel H. Hempstead, Esq.]

of Red river, below the mouth of Little river and not below the Long prairie, which may be designated by the party of the first part, at the rate of $1.50 per bushel, and required to pay $300 at the aforesaid Saline at one dollar per bushel, and if not required there, to pay at the same time and places of the aforesaid, $1,200 in salt, at $1.50 per bushel, on the first day of December, 1831, if the water will admit of its being taken at that time, if not, at the first sufficient rise thereafter; the other payment of $1,500 to be made on the 1st December, 1832, on the same conditions and at the same places as the foregoing payments; also 150 bushels of salt, at the aforesaid salt-works, in the course of next winter, spring, and summer, as required, when he may have salt on hand."

The above agreement was signed and sealed by the parties on the 16th of September, 1830. The plaintiffs, Clark and Patton, in their declaration averred the failure of the defendant Hartfield to deliver the salt at the times and places specified in the articles of agreement aforesaid, and claim damages therefor. The defendant demurred to the declaration, which demurrer was overruled by the court, and afterwards he filed two pleas; the first a plea of set-off, and the second that the plaintiffs did not give notice to the defendant of the place for the payment and delivery of the salt, on which issues were joined. On the trial before the court below, a jury having been dispensed with by consent, a judgment was rendered in favor of the plaintiffs, from which this writ of error is prosecuted.

The first point relied upon for the plaintiff in error is, that the declaration is fatally defective in not averring notice of the place for the delivery of the salt. By the terms of the contract, the salt was to be delivered at any place or places on the banks of Red river, below the mouth of Little river and not below Long prairie, which might be designated by Clark and Patton. There can be no doubt that Hartfield might have performed his contract by delivering the salt at any place on the banks of Red river, below the mouth of Little river and above Long prairie, in the event of the failure or omission of Clark and Patton to designate a place between those points. Clark and Patton might or might not designate a particular place, and their omission to do so did not prevent Hartfield from delivering the salt at any convenient point he might select between the places specified. There was then no necessity for the averment of notice of a place for the payment and delivery of the salt, as a place was designated by the contract itself. The declaration, in our opinion, is not defective in omitting to aver notice before the times specified for the delivery of the salt. The other objection to the declaration in relation to the dispossession of Hartfield by any law of congress passed at the last session thereof before the date of the writing obligatory, is so clearly untenable, that it is unnecessary to

remark upon it. The cause was tried upon the pleas of set-off and the failure of Clark and Patton to give notice of a place for the payment and delivery of the several quantities of salt in the agreement specified. The issue formed upon this latter plea was clearly immaterial, and a question arises whether a repleader ought not to have been awarded. The doctrine is well settled, that a repleader is never awarded in favor of him who commits the first fault in pleading. 3 Bibb, 84, 226. Nor is it ever awarded where one issue is material, though other issues are immaterial; and (Id. 168), on both of these grounds, a repleader should not have been awarded. 2 Tidd, Pr. 830; Willes, 532; 1 Ld. Raym. 170; 1 Doug. 396. Judgment affirmed.